*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARCELLA PAYNE-CHARLEY,

        Plaintiff-Appellee,

v

TEAM WELLNESS CENTER INC.,

        Defendant-Appellant.

UNPUBLISHED
April 13, 2023

No. 361380
Wayne Circuit Court
LC No. 21-017559-CB

Before: CAMERON, P.J., and JANSEN and BORRELLO, JJ.

PER CURIAM.

In this interlocutory appeal, defendant, Team Wellness Center, Inc. ("TWC"), appeals as of right the trial court's order denying its motion for summary disposition under MCR 2.116(C)(7) and (8). We reverse and remand.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

In 2019, plaintiff, Marcella Payne-Charley, was hired by defendant as a clinical services supervisor and therapist providing mental-health services to defendant's clients. As part of the hiring process, the parties completed an employment agreement, which included several provisions relevant to this case. Specifically, their agreement contained a clause that plaintiff could be terminated for a "material" breach of the employment agreement.

In 2021, defendant sent plaintiff a letter indicating it received "complaints from several [TWC] employees . . . regarding a conversation [plaintiff] inadvertently aired on the intercom system at the Eastern Market Clinic." Defendant concluded plaintiff's "willful behavior constitute[d] a material breach of the [employment] [a]greement." Defendant then terminated plaintiff's employment.

Plaintiff filed the complaint in this case, alleging breach of contract. She claimed that, because her behavior was "inadvertent," it did not constitute a material breach under the employment contract. She argued defendant breached the employment agreement by terminating her employment "for conduct that did not constitute a material breach of her agreement." Defendant moved for summary disposition, arguing that the parties were required to resolve this

dispute through arbitration under the terms of the employment agreement. Alternatively, defendant argued that the employment agreement required plaintiff to hold defendant harmless for any liability arising from her termination. It also argued that the behavior leading to plaintiff's termination could constitute a material breach of the employment agreement, therefore plaintiff's complaint failed to state a claim. The trial court rejected defendant's arguments and denied summary disposition. This appeal followed.

## II. ARBITRATION

Defendant challenges the trial court's conclusion that the employment agreement did not require the parties to arbitrate this dispute. According to defendant, the parties were required to resolve this dispute in arbitration under the plain terms of the employment agreement. We agree.

## A. STANDARD OF REVIEW

This Court reviews de novo motions for summary disposition. *Altobelli v Hartmann*, 499 Mich 284, 294-295; 884 NW2d 537 (2016). Although defendant moved for summary disposition under MCR 2.116(C)(7) and (8), relevant here is whether summary disposition was proper under subsection (C)(7). A trial court should grant summary disposition under MCR 2.116(C)(7) where a claim is barred because of "an agreement to arbitrate." *Tinsley v Yatooma*, 333 Mich App 257, 261; 964 NW2d 45 (2020) (alterations, quotation marks, and citation omitted). "Whether a particular issue is subject to arbitration is also reviewed de novo, as is the interpretation of contractual language." *Altobelli*, 499 Mich at 295 (citation omitted).

> Arbitration is a matter of contract. Accordingly, when interpreting an arbitration agreement, we apply the same legal principles that govern contract interpretation. Our primary task is to ascertain the intent of the parties at the time they entered into the agreement, which we determine by examining the language of the agreement according to its plain and ordinary meaning. In considering the scope of an arbitration agreement, we note that a party cannot be required to arbitrate an issue which it has not agreed to submit to arbitration. The general policy of this State is favorable to arbitration. The burden is on the party seeking to avoid the agreement, not the party seeking to enforce the agreement. In deciding the threshold question of whether a dispute is arbitrable, a reviewing court must avoid analyzing the substantive merits of the dispute. If the dispute is arbitrable, the merits of the dispute are for the arbitrator. [*Id*. at 295-296 (alterations, quotation marks, and citations omitted).]

## B. LAW AND ANALYSIS

Defendant's motion for summary disposition relied on Paragraph 9.7 of the employment agreement, which stated:

> Indemnification. [Plaintiff] agrees to indemnify and hold TWC (including TWC's owners, officers, members, directors, affiliates, parent companies, subsidiaries, employees, attorneys, agents, and other representatives collectively) harmless from and against all claims, liabilities damages, costs and expenses, including, without limitation, reasonable attorneys' fees and fines from any

-2-

governmental agency or expenses incurred in the event of separation due to a material breech [sic] in this agreement. Further, both parties agree to settle any dispute arising from this agreement via Arbitration that is equally funded by both parties.

A plain reading of Paragraph 9.7 demonstrates the parties agreed on two points: (1) that plaintiff agreed to hold TWC and its agents harmless were she to commit a material breach of the agreement; and (2) that any dispute arising from the agreement was to be settled at arbitration.

Relevant here is the second point—that "any" dispute arising from the employment agreement is subject to arbitration. Defendant terminated plaintiff's employment for a material breach of the employment agreement. Plaintiff asserted in her complaint that she did not commit a material breach of the agreement. Clearly, the dispute between the parties arose from the employment agreement—therefore, they are obligated to settle this dispute in arbitration.

The trial court denied defendant's motion for summary disposition, in part, because "[Paragraph 9.7] leaves Plaintiff without a remedy if she is terminated without just cause." We disagree. As discussed, Paragraph 9.7 bifurcates two agreements—first that plaintiff will indemnify defendant against any material breach, and second that they will arbitrate "any" dispute arising from the employment agreement. "Any" dispute arising from the agreement encompasses disputes over the "just-cause" provisions. Thus, the trial court erred in denying defendant's motion for summary disposition because, by the plain terms of the employment agreement, this dispute should be settled in arbitration. We reject plaintiff's contention that the employment agreement was not a knowing and intelligent waiver of her right to a jury trial under the Seventh Amendment[1] to the United States Constitution—indeed, the Seventh Amendment has not been incorporated or applied to the states and is, therefore, inapplicable in this context. See *McKinstry v Valley Obstetrics-Gynecology Clinic, PC*, 428 Mich 167, 183; 405 NW2d 88 (1987) ("The Constitution of the United States does not confer a federal constitutional right to trial by jury in state court civil cases.").

Reversed and remanded for entry of an order consistent with this opinion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Stephen L. Borrello

---

[1] The Seventh Amendment to the United States Constitution reads:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law. [US Const, Am VII.]

-3-